J-S36018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.K., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.S., | |
| Appellee | No. 3811 EDA 2016 |

Appeal from the Order Dated November 17, 2016
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 2014-010813

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                                    **Filed July 3, 2017**

Appellant, J.K.,[1] mother of A.S. (a female minor born in October 2012), appeals *pro se* from the order entered on November 17, 2016, granting a petition for contempt filed by S.S. (hereinafter, "Father") for violating the parties' custody agreement and sanctioning Appellant to pay Father's attorney fees totaling $750.00.  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On December 5, 2014, Appellant filed a complaint for custody of A.S.  On January 27, 2015, the trial court granted joint legal custody with Appellant having primary physical custody and Father having supervised

_____

[1]  We have used the parties' initials to protect the identity of the minor child in this custody matter.

partial physical custody every other weekend. The trial court entered two subsequent custody orders, on October 7, 2015 and March 14, 2016 respectively, granting Father expanded and unsupervised custody. Appellant filed an emergency petition for custody on June 16, 2016, which the trial court denied by order the following day.

On October 24, 2016, Father filed a counseled petition for contempt. In that petition, Father alleged that Appellant had withheld custody from him for over two months. Appellant did not have counsel, but Father's counsel contacted Appellant personally prior to filing the petition for contempt and then served her with it directly. The trial court scheduled a contempt hearing for November 16, 2016 and sent notice to the parties on October 26, 2016. Two days before the hearing, Appellant filed a *pro se* request for a continuance, claiming that she was unable to secure legal representation. Father opposed the continuance. By order entered on November 14, 2016, the trial court denied Appellant's request for a continuance.

On November 16, 2016, the parties appeared for the scheduled hearing on Father's petition for contempt. Appellant appeared *pro se* at the hearing. She admitted that she was fully aware of the parties' custody arrangement and that she willfully refused to abide by it. By order entered on November 17, 2016, the trial court granted Father's petition for contempt and ordered Appellant to pay Father's attorney fees, totaling $750.00, for

drafting, serving, presenting, and appearing in court for the contempt petition. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

A. Should the [trial c]ourt have granted a first request for a continuance when [Appellant's] attorney was unavailable and there was no prejudice to [] Father?

B. Should the [trial c]ourt have granted $750[.00] in counsel fees to Father when [Appellant] was *in forma pauperis* and had no ability to pay this amount?

C. Should the [trial c]ourt have granted $750[.00] in counsel fees to Father when there was no testimony that this amount was actually incurred?

Appellant's Brief at 4 (italics supplied).

In her first issue presented, Appellant argues that the trial court erred by denying her request for a continuance and sanctioning her for contempt for violating the parties' court-ordered custody schedule. In support of this claim, Appellant asserts she was denied her right to have an attorney present and maintains that a continuance to secure legal representation would not have prejudiced Father. *Id.* at 5-6. In challenging the trial court's finding of contempt, Appellant alleges that Father was arrested on June 11, 2016 and during his ensuing incarceration, he "was breaching the

---

[2] Appellant filed a *pro se* notice of appeal on December 12, 2016. The trial court entered an order on December 15, 2016, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely, *pro se* Rule 1925(b) concise statement on December 29, 2016. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 30, 2017.

custody order by not seeing the child." *Id*. at 5-6. When he was released from jail and attempted to visit the child, Appellant "did not want [] Father to have unsupervised visitation because [she] was afraid of his behavior" and "didn't feel safe with [] Father just starting up visitation as if nothing happened after his arrests." *Id.* Appellant maintains that she thought she would be given the opportunity to advise the court of these circumstances at the contempt hearing and that the trial court would review the custody arrangement at that time. *Id.* at 6. In her second and third issues presented, Appellant contends that the $750.00 sanction was unreasonable because: (1) the trial court failed to inquire about her ability to pay the sanction; (2) the contempt hearing was short in duration, and; (3) Father's lawyer did not provide an invoice or proof of payment of his fees. *Id.* at 7.

Our standard of review regarding the denial of a continuance is as follows:

> This Court has noted that a trial court has broad discretion regarding whether a request for continuance should be granted, and we will not disturb its decision absent an apparent abuse of that discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*In re K.J.*, 27 A.3d 236, 243 (Pa. Super. 2011) (internal citations, quotations, and brackets omitted).

Similarly, "[i]n reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt." *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 (Pa. Super. 2012) (citation omitted). "To sustain a finding of civil contempt, the complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *Id.* at 706 n. 7 (citation omitted). "Sanctions for civil contempt can be imposed for one or both of two purposes: to compel or coerce obedience to a court order and/or to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with a court order." *Id.* at 708 n.8 (citation omitted). "Such compensatory sanctions have included attorney[] fees, investigation costs, deposition fees, subpoena fees, witness fees, or fines to compensate an aggrieved party." *Id.* (citation omitted).

Upon review, we discern no abuse of discretion in denying Appellant's request for a continuance, finding Appellant in contempt, or imposing sanctions. Here, the trial court recognized that Father's counsel gave Appellant actual notice of Father's petition for contempt over a month before the scheduled hearing. Trial Court Opinion, 1/30/2017, at 9. The trial court

determined that it was unreasonable for Appellant to wait four days after failing to secure counsel, and two days before the scheduled hearing, to request a continuance. *Id.* More specifically, the trial court determined that by the time of the contempt hearing, "Father had been trying to see the child for over three (3) months, [] with no cooperation from [Appellant,] the interests of the child controlled, and [required] that the matter [] be heard without delay." *Id.* at 9-10. Accordingly, the trial court determined a continuance was unwarranted, because Father would essentially be without remedy until the matter was heard. Upon review of the record, we conclude the trial court carefully balanced the rights of the parties, including the child, and we discern no abuse of discretion.

At the contempt hearing, Appellant admitted that she knew the contents of the custody orders at issue, but did not adhere to them. N.T., 11/16/2016, at 6-7. She claimed that she feared Father and that Father had not been following the terms of the custody order. *Id.* at 7-9. The trial court explained to Appellant that she could not unilaterally change the terms of custody and, instead, needed to file a petition for contempt for Father's non-compliance and/or a petition for modification of custody. *Id.* at 8-10. Here, Appellant was aware of the specific custody orders and she willfully disobeyed by intentionally withholding visitation from Father. We discern no abuse of discretion in holding Appellant in contempt. Accordingly, Appellant's first issue does not entitle her to relief.

Regarding the $750.00 sanction for Father's attorney fees, Appellant did not challenge the award of sanctions, or the amount due, at the time of the contempt hearing. While she did cursorily allege indigency in her Rule 1925(b) statement, Appellant did not assert the trial court erred in failing to assess her inability to pay or that the sanction amount was unreasonable. As a result, the trial court did not address her current contentions regarding the amount of the sanction. Appellant raises this issue for the first time on appeal. Because Appellant did not object at the hearing, failed to raise the issue in her Rule 1925(b) statement, and raised this issue for the first time on appeal, it is waived. *See* Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Regardless, the record belies Appellant's contention that the sanctions award was too high in light of the relatively short duration of the contempt hearing. Counsel for Father detailed the nature of his work in presenting the contempt petition, in the contempt petition itself. Father's counsel contacted Appellant personally prior to filing the contempt petition, drafted the contempt petition, served Appellant with the contempt petition, and appeared at the hearing and argued the contempt petition on behalf of Father. Compensatory sanctions for attorney fees are permitted and, upon review of the attendant circumstances, we conclude that the record is devoid of grounds for upsetting the $750.00 sanctions award. As such, while

Appellant technically waived her second and third issues for appellate review, they are otherwise without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2017